UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

JEANNETTE MASON-ROBINSON,

 Plaintiff,

vs.

ST. LUCIA TOURIST BOARD,

 Defendant.

_____/

CASE NO. 98-2131 CIV-GRAHAM
MAGISTRATE JUDGE
BROWN
JURY TRIAL DEMANDED

**COMPLAINT AND REQUEST
FOR JURY TRIAL**

Plaintiff Jeannette Mason-Robinson sues Defendant, St. Lucia Tourist Board ("the Board"), and states:

### I. Jurisdiction and Venue Statement

1. This is an action for injunctive relief, declaratory relief, monetary damages, and other relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as well as the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

2. This Court has jurisdiction of this action under 28 U.S.C. §1331 and 28 U.S.C. §1343(3) in order to protect rights guaranteed by Title VII. This Court has jurisdiction over the Florida Civil Rights Act claim under its supplemental jurisdiction via 28 U.S.C. § 1367, as the

FTL:352382:1

elements of proof in both counts of this complaint are similar.[1]  Venue is proper in that the discriminatory acts complained of herein occurred in the Southern District of Florida.

3. All conditions precedent have been satisfied or waived.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and was sent a Right-to-Sue Notice on August 25, 1998.

## II. Parties

4. Plaintiff, a female of the full age of majority and domiciled in Dade County, Florida, at all relevant times was employed in Florida by Defendant St. Lucia Tourist Board and was a member of a protected class and has been subjected to an intentional policy of sexual and pregnancy discrimination, sexually discriminatory employment decisions, differential treatment based on sex and pregnancy, a pattern and practice of sexual and pregnancy discrimination, termination based on sex and pregnancy, and/or disparate treatment and impact based on sex and pregnancy.

5. Defendant St. Lucia Tourist Board is an employer as defined by, and is subject to suit for all causes of action asserted herein pursuant to, Title VII and the Florida Civil Rights Act.

---

[1] 2 See Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 892 (11th Cir. 1986); Walters v. City of Atlanta, 803 F.2d 1135, 1143 (11th Cir. 1986); Chaline v. KCOH, Inc., 693 F.2d 477, 479 (5th Cir. 1982).

FTL:352382:1

## III. Facts

6.  Plaintiff was employed by the Board from February 1987, until her discharge on or about April 30, 1998. From January 2, 1998, through her discharge, she worked as a sales executive for the Board in the southeastern United States, basing her activities in Florida.

7.  Plaintiff informed Ms. Ingrid Stewart, Manager, North America, that she was pregnant with her third child soon after learning of it in March 1998. At that time, Ms. Stewart and other supervisors of hers in the Board's New York office knew that Plaintiff had experienced complications during her previous two pregnancies. During such previous pregnancies, Plaintiff had to go on bed rest before her due date because she was experiencing premature contractions. During her second pregnancy, she was placed on bed rest for four months. The baby shower that the office was throwing for her during her first pregnancy had to be canceled because of such complications.

8.  Plaintiff described her pregnancy complications to Ms. Stewart numerous times from March through April 1998, and during that time sent her copies of several letters from her obstetrician and gynecologist, Dr. Faris A. Hanna, certifying that she was under his care for prenatal treatment and that she was unable to fly or drive long distances due to severe edema and back pain.

FTL:352382:1

9. Rather than accommodating Plaintiff's pregnancy, the Board discharged her on April 30, 1998, on the recommendation of Ms. Stewart and Mr. Hilary Modeste, Director of Tourism. The letter from Ms. Stewart to Plaintiff dated April 30, 1998, makes clear that Plaintiff was discharged effective May 4, 1998, due to her pregnancy. Plaintiff was neither reassigned during her pregnancy to a position that did not require extensive traveling, allowed to take paid leave while she was under bed rest, nor even permitted unpaid leave until her temporary disability from the pregnancy resolved at childbirth. Defendant did not hold Plaintiff's job open for her while she was temporarily disabled due to her pregnancy complications.

10. Defendant's discharge of Plaintiff contravened the Board's own Assignment policy, which states in relevant part:

> Assignment-A pregnant employee may temporarily be assigned to other duties, if, in the opinion of her physician as certified, her regular duties may be harmful to her health or that of the baby. As long as the employee returns to her regular job at the end of her Maternity Leave, she will be considered to have been in the continuous employ of the Tourist Board.

11. The Board's Staff Policies on their face, and as they have been applied to Plaintiff, discriminate against pregnant women. Although the sick leave policy therein allows indefinite leaves of absence for illness at any time, the maternity leave policy is limited to six weeks before birth and six weeks after birth, irrespective of pregnancy complications. In addition, sick employees must attempt to notify supervisors on the first day of the absence and

submit a medical certificate by the third day of the absence. In contrast, maternity leave must be requested in writing at least six months in advance. Finally, an employee is entitled to sick leave after being employed for at least three months, while an employee who is pregnant may only benefit from the maternity leave policy if she has been employed for a full year.

12. By holding Plaintiff to these strict maternity leave policies and discharging her for her alleged noncompliance with them, the Board discriminated against her by treating her pregnancy-related disability differently and less liberally than it treats non-pregnancy related disabilities, in clear violation of Title VII and the Florida Civil Rights Act. Indeed, the mere fact that the Board has treated her need for leave due to maternity-related health problems under its maternity leave policies, rather than under its sick leave policies, violates these remedial statutes. As a matter of law, a pregnant woman with pregnancy-related health problems cannot legally be treated less favorably than a non-pregnant employee with health problems.

13. Ms. Stewart held a supervisory position with the Board and discriminated against Plaintiff based on sex and pregnancy. Ms. Stewart was a decision maker and/or policy maker, and adversely affected the terms and conditions of Plaintiff's employment.

14. Mr. Modeste held a supervisory position with the Board and discriminated against Plaintiff based on sex and pregnancy. Mr. Modeste was a decision maker and/or policy maker, and adversely affected the terms and conditions of Plaintiff's employment.

FTL:352382:1

## IV. Counts

### COUNT 1
### TITLE VII OF THE CIVIL RIGHTS ACT--PREGNANCY DISCRIMINATION/ WRONGFUL DISCHARGE/ DISPARATE TREATMENT AGAINST ST. LUCIA TOURIST BOARD

Paragraphs 1 through 14 are realleged as if fully set forth herein.

15. The above-described pattern and practice of intentional sexual and pregnancy discrimination committed by Defendant violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., by impinging on Plaintiff's right to contract for, obtain, and maintain employment free of such discrimination.

16. Defendant treated Plaintiff less favorably than men with respect to the terms and conditions of her employment.

17. Defendant treated Plaintiff less favorably than non-pregnant women with respect to the terms and conditions of her employment.

18. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to reputation.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all

FTL:352382:1

fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

b. an order declaring Defendant's employment practices unlawful;

c. for compensatory damages;

d. for punitive damages;

e. for back pay;

f. for a judgment representing prejudgment interest; and

g. for the costs of this action, including an award of reasonable attorneys' fees pursuant to Title VII.

## COUNT II
### FLORIDA CIVIL RIGHTS ACT--PREGNANCY DISCRIMINATION/ WRONGFUL DISCHARGE/ DISPARATE TREATMENT AGAINST ST. LUCIA TOURIST BOARD

Paragraphs 1 through 14 are realleged as if fully set forth herein.

19. The above-described pattern and practice of intentional sexual and pregnancy discrimination committed by Defendant violates the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., by impinging on Plaintiff's right to contract for, obtain, and maintain employment free of such discrimination.

20. Defendant treated Plaintiff less favorably than men with respect to the terms and conditions of her employment.

PTL:352382:1

21. Defendant treated Plaintiff less favorably than non-pregnant women with respect to the terms and conditions of her employment.

22. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, distress, humiliation, great expense, embarrassment, and damage to reputation.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. for lost wages and all other sums of money, including retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

    b. an order declaring Defendant's employment practices unlawful;

    c. for compensatory damages;

    d. for punitive damages;

    e. for back pay;

    f. for a judgment representing prejudgment interest; and

    g for the costs of this action, including an award of reasonable attorneys' fees pursuant to the Florida Civil Rights Act.

## V. <u>Jury Trial Demanded</u>

Plaintiff demands a trial by jury for all issues so triable. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED this 8th day of September, 1998.

                              Respectfully submitted,

                              RUDEN, McCLOSKY, SMITH
                              SCHUSTER & RUSSELL, P.A.
                              Co-Counsel for Plaintiffs
                              200 East Broward Boulevard
                              Post Office Box 1900
                              Fort Lauderdale, Florida 33302
                              (954)764-6660; Miami (305)789-2700
                              Fax: (954)764-4996

                              By: _____
                              Ricardo A. Reyes
                              Fla. Bar No. 864056
                              Barry A. Mandelkorn
                              Fla. Bar No. 182359

FTL:352382:1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

JEANNETTE MASON-ROBINSON

**DEFENDANTS**

ST. LUCIA TOURIST BOARD

98-2131CIV-GRAHAM   MAGISTRATE JUDGE BROWN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CA A 1:98CV2131 Graham/Brown

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Ricardo A. Reyes
Ruden, McClosky, Smith, Schuster & Russell
P.O. Box 1900
Ft. Lauderdale, FL 33302 (954) 527-2431

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Pregnancy discrimination under Title VII of the Civil Rights Act of 1964, as amended 42 USC Sec. 2000E, and the Florida Civil Rights Act of 1992, Fla. Stat., Sec. 760.01.

**IVa.** 3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personnel Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 630 Liquor Laws | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☐ 640 R.R. & Truck | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 650 Airline Regs | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 660 Occupational Safety/Health | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **A LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 710 Fair Labor Standards Act | | ☐ 890 Other Statutory Actions * |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 720 Labor Management Relations B | | * A or B |
| ☐ 290 All Other Real Property | | ☐ 730 Labor Management Reporting & Disclosure Act | | |
| | **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | |
| | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | | |
| | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other * | | | |
| | ☐ 550 Civil Rights * A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding ☐ 2. Removed From State Court ☐ 3. Remanded from Appellate Court ☐ 4. Refiled ☐ 5. Transferred from another district (Specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23 **DEMAND $**   Check YES only if demanded in complaint: ☒ YES   **JURY DEMAND:** ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/9/98   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 514453
Date Paid: 09-09-98
Amount $150.00
M/ifp: _____